UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle, N.W., 9th Floor Washington, DC 20036-1202, <br><br> and <br><br> STEPHEN ABRECHT, RODERICK S. BASHIR, KEVIN J. DOYLE, CHRISTOPHER BOUVIER, DAVID A. STILWELL, THOMAS LAMARTINA, EDWARD J. MANKO, JOHN J. SHERIDAN, FRANK A. MAXSON, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle, N.W., 9th Floor Washington, D.C. 20036, <br><br>          Plaintiffs, <br><br> v. <br><br> OAKWOOD 200 SQUARED LESSEE d/b/a Oakwood 200 Squared c/o National Corporate Research L. 210 N Wells Street Chicago, IL  60606 <br><br>          Defendant. | Case No: 15-cv-2077 <br><br> **Additional Required Service under 29 U.S.C. § 1132(h) to:** <br><br> **U.S. Department of Labor Attn: Assistant Solicitor  for Plan Benefits Security 200 Constitution Ave., N.W. Washington, DC 20002** <br><br> **U.S. Department of Treasury Attn: Secretary of the Treasury 1500 Pennsylvania Avenue, NW Washington, D.C. 20220** |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, SURCHARGES, REMITTANCE REPORTS, ATTORNEY'S FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1.   This is a civil action brought by an employee benefit plan, and by the Trustees of

1

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185(a), to collect remittance reports, unpaid collectively bargained contributions, interest, liquidated damages, and Pension Protection Act ("PPA") surcharges, owed by the Defendant.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the SEIU Pension Fund is located and administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary the United States Department of Labor and the Secretary the United States Department of the Treasury by certified mail on or about the date of filing.

## Parties

5. Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund" or "Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund

established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., 9th Floor, Washington, D.C. 20036.

6. Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Kevin J. Doyle, Christopher Bouvier, David A. Stilwell, Thomas LaMartina, Edward J. Manko, John J. Sheridan, and Frank A. Maxson are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant Oakwood 200 Squared Lessee d/b/a Oakwood 200 Squared ("Oakwood") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Upon information and belief, Defendant Oakwood is a foreign corporation incorporated in the State of Delaware and registered in the State of Illinois, with a mailing address of 210 N Wells Street, Chicago, IL 60606.

**Factual Background**

9. At all relevant times, Service Employees International Union Local 1, Residential Division ("the Union") has been the exclusive bargaining representative for all bargaining unit employees, including doormen, receiving room employees, and other employees employed by Defendant.

10. At all relevant times, the Defendant was a member of the Apartment Building

3

Owners and Managers Association of Illinois ("ABOMA"), which was party to a collective bargaining agreement ("CBA") with the Union for Oakwood's covered employees effective for the period from December 1, 2009 through November 30, 2012. A true, correct and complete copy of the relevant CBA is attached as Plaintiffs' Exhibit 1.

11. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement. Here, the CBA states that the Defendant is obligated to remit contributions to the SEIU Pension Fund for all covered employees at the rate of sixty-five cents ($0.65) per hour. Ex. 1, pg. 7-9.

12. Pursuant to Article IV of the CBA and by submitting reports and contributions, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). A true, correct, and complete copy of the Trust Agreement is attached as Plaintiffs' Exhibit 2. Pursuant to Section 3.1 of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Ex. 2 at Section 3.1. Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true, correct, and complete copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") adopted by the Trustees is attached as Plaintiffs' Exhibit 3.

13. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain, among other things, the

names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 2, Sec. 3.1. Additionally, pursuant to Article IV, Section 7 of the CBA, Defendant is required to provide the SEIU Pension Fund with remittance reports that contain "all required information." Ex. 1, Article IV, Section 7.

14. Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 2, Sec. 3.2; Ex. 3, Sec. 5.

15. Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1081 et. seq. (2006) ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, and January 1, 2015. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 30, 2014, and April 30, 2015. Copies of these letters are attached as Plaintiffs' Exhibit 4.

16. For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan

year thereafter in which the plan is in critical status, until the bargaining parties agree to a collective bargaining agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 5.

17. Defendant is obligated to remit surcharges pursuant to the Fund's Rehabilitation Plan. Specifically, for the relevant time periods of this Complaint, Defendant was obligated to remit surcharges in the amount of an additional 5% of underlying contributions as of June 1, 2009 and an additional 10% of underlying contributions as of January 1, 2010.

18. During the period from December 2009 to May 2011, Defendant has failed to remit certain contractually required reports and accompanying contributions and has failed to pay certain interest charges, liquidated damages, and surcharges due under the PPA to the SEIU Pension Fund.

## COUNT I

19. Plaintiffs reallege and incorporate Paragraphs 1 thorough 18.

20. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145.

21. Defendant is obligated, under the terms of the CBA, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's covered employees.

22. Defendant has failed to submit remittance reports and accompanying contributions for the months of December 2009 to May 2011.

23. Because these reports have not been submitted, the amount of money due to the Fund is unknown and cannot be ascertained without an accounting of the number of compensable hours for each employee of the defendant during the reporting month. Defendant owes the reports, contributions, any applicable PPA surcharges, interest and liquidated damages on these unpaid months.

24. Under Section 502(g) of ERISA, Plaintiff is entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

25. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding remittance reports and contributions from the Defendant for these months. Defendant continues to refuse to provide the missing reports or make payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in remitting owed contributions, interest, liquidated damages, and PPA surcharges to the SEIU Pension Fund pursuant to the CBA;

2. Declare that Defendant is delinquent in submitting remittance reports for the months of December 2009 to May 2011 and order Defendant to pay the corresponding outstanding contributions, interest, liquidated damages, and PPA surcharges for these delinquent months;

3. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the

Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

4. Retain jurisdiction of this case pending compliance with its Orders; and,

5. Grant such relief as the Court may deem appropriate.

                                            Respectfully Submitted,

                                            /s/ Lauren P. McDermott
Lauren P. McDermott D.C. Bar #1008301
Mooney, Green, Saindon, Murphy
  & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 Facsimile
lmcdermott@mooneygreen.com
*Counsel for Plaintiffs*

Dated: December 1, 2015